Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 8471 | **DATE** | 4/2/2002 |
| **CASE TITLE** | Commonwealth Insurance Company, et vs. Stone Container | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter memorandum opinion and order. Motions for summary judgment to be filed on or before 5/17/02; responses due by 7/2/02; replies due by 7/16/02. The Court will take said motions under advisement and will rule by mail.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | APR 03 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| JD | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| COMMONWEALTH INSURANCE COMPANY, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| STONE CONTAINER CORPORATION, | ) ) | |
| Defendant. | ) ) | 99 C 8471 |
| STONE CONTAINER CORPORATION, | ) ) ) | |
| Counterclaim Plaintiff, | ) ) | |
| vs. | ) ) | |
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY, et al., | ) ) ) ) | |
| Counterclaim Defendants. | ) | |

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on a motion for summary judgment brought by third-party defendant Aon and motions to strike brought both by Aon and defendant/third-party plaintiff Stone Container. For the reasons set forth below, the motion for summary judgment is granted and the motions to strike are denied as moot.

## BACKGROUND

In accordance with Local Rule 56.1, the parties have submitted statements of material fact and appropriate responses. Those statements establish the following undisputed facts. Defendant/third-party plaintiff Stone Container Corporation ("Stone") is a pulp and paper company. Third-party defendant Aon Risk Services, Inc. ("Aon") is an insurance broker; in 1994 they procured risk insurance policies for Stone from several providers, including Hartford Steam Boiler Inspection and Insurance Company ("HSB"), Plaintiffs Commonwealth Insurance Company, Hartford Fire Insurance Company, Navigators Insurance Company, Employers Insurance of Wausau, New York Marine and General Insurance Company (collectively referred to as the "All-Risk Insurers"), and Industrial Risk Insurers, Inc. ("IRI").

One of Stone's paper-making facilities is located in Panama City, Florida. In April 1994, an explosion occurred at the Panama City plant. The blast killed three employees, injured five others, and caused extensive property damage. The resulting losses and liability were estimated to exceed $80 million. The next month, HSB notified Stone that it denied coverage for the Panama City incident. In November of the same year, the All-Risk Insurers and IRI orally notified Stone that they too would deny coverage for Stone's losses. By the following April, both had formally issued written denials of coverage.

In February of 1995, the All-Risk Insurers filed the first of the suits regarding the issues of this case: an action seeking a declaratory judgment that their policies did not cover Stone's losses incurred at the Panama City plant. This suit was dismissed without prejudice so that Stone could pursue an action solely against HSB for coverage of its losses. To preserve potential causes of action in the event that it was unsuccessful in the suit against HSB, Stone executed agreements with its other insurers, but not with Aon, to toll any statutes of limitations until the HSB suit was completed. Stone obtained summary judgment of its claim against HSB at the trial level but lost when HSB appealed to the Seventh Circuit. Stone Container Corp. v. Hartford Steam Boiler Inspection and Ins. Co., 165 F.3d 1157 (7th Cir. 1999), rev'g Stone Container v. Hartford Steam Boiler Inspection and Ins. Co., 936 F. Supp. 487 (N.D. Ill. 1996).

In the face of the 1999 determination that HSB's policy did not cover the Panama City losses, the All-Risk Insurers and IRI reinstituted their declaratory judgment action in our court. In January 2000, Stone answered the complaint and for the first time asserted third-party claims against Aon (breach of contract, negligence, and breach of fiduciary duty) for failing to procure adequate insurance coverage under the policies Aon brokered in 1994.

Aon now moves for summary judgment of the third-party claims against it, asserting that they are time-barred.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548 (1986). The burden then shifts to the nonmoving party to show through specific evidence that a triable issue of fact remains on issues on which the nonmovant bears the burden of proof at trial. Id. The nonmovant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; it must go beyond the pleadings and support its contentions with proper documentary evidence. Id. The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. Bay v. Cassens Transport Co., 212 F.3d 969, 972 (7th Cir. 2000). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Insolia v. Philip Morris, Inc., 216 F.3d 596, 599 (7th Cir. 2000); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## DISCUSSION

To properly assess the merits of Aon's motion, we must first address when Stone's claim against Aon accrued. In its memorandum in support of the instant motion, Aon offers several possible dates, the latest falling in December 1994. At that point, they contend, Aon had breached its fiduciary duty to supply proper insurance coverage, Stone knew that all of its insurers were denying coverage and Stone began to incur damages in the form of attorneys' fees and other costs in connection with the litigation that ensued. Thus, all the pieces were in place for a viable cause of action and the clock began to tick. Indiana Ins. Co. v. Machon& Machon, Inc., 753 N.E.2d 442, 446 (Ill. App. 2001); Cassidy v. Derek Bryant Ins. Brokers, Ltd., 613 N.E.2d 1201, 1208 (Ill. App. 1993).

Stone, on the other hand, argues that their cause of action has not accrued at all and will not unless and until we determine that they are not covered for the losses resulting from the Panama City accident, that is, until they know the outcome of the main action. Without an adverse outcome in this suit, they claim they have suffered no damage from Aon's alleged negligence and therefore no cause of action lies against the broker. In support of their argument, they offer several cases involving professional negligence in other arenas, particularly legal malpractice. See, e.g., Guzman v. C. R. Epperson Construction, Inc., 752 N.E.2d 1069, 1076 (Ill. 2001) (construction

contractors); Hermitage Corp. v. Contractors Adjustment Co., 651 N.E.2d 1132, 1135, 1136 (Ill. 1995) (negligent recording of a lien); Lucey v. Pretzel & Stouffer, 703 N.E.2d 473, 477 (Ill. App. 1998) (legal malpractice). They also point to two cases that directly support the proposition that their claims against Aon are premature. KDI Corp. v. Alexander & Alexander Servs., 1990 WL 129348, at *2-*3 (N.D. Ill. Aug. 24, 1990); Nat'l Union Fire Ins. Co. v. Cont'l Ill. Corp., 646 F. Supp. 746, 750 (N.D. Ill. 1986). Their arguments fail, however, in light of the Illinois Appellate Court's decision in Broadnax v. Morrow, 762 N.E.2d 1152 (Ill. App. 2002).[1]

Broadnax squarely addresses when a cause of action accrues in a suit for negligence of an insurance broker. The court specifically rejected the argument that Stone advances, concluding that a plaintiff in this kind of action knows that he has been injured by the negligence of an insurance broker before he receives a judicial decision of noncoverage. Id. at 1157. Rather, the court concluded that the requisite knowledge is supplied, and the statute of limitations correspondingly begins to run, when the insurer denies coverage. Id. Applying the holding in Broadnax to the facts of our case, we conclude that November 15, 1994, is the date of accrual. As of that date, HSB, the All-Risk Insurers, and IRI had all denied coverage of the losses arising out of the

---

[1]The Broadnax decision was handed down after Aon filed its motion and memorandum in support but before Stone filed its response.

Panama City explosion. At that point, Stone knew that either their insurers were incorrectly interpreting the terms of Stone's policy or that Aon had failed to procure coverage that accommodated Stone's insurance needs. See id. That, according to Broadnax, was all that Stone needed to know; a judicial determination that they were in fact not covered was not necessary. Id. at 1158.

Having determined the proper accrual date, we turn to the issue of the applicable statute of limitations. At the time Stone's action accrued, such cases were governed by 735 ILCS § 5/13-205, which allows a plaintiff five years to bring a civil action that is not otherwise subject to a specific limitations period. Application of that statute would mean that Stone had until November 15, 1999 to institute an action against Aon. However, in January 1996, a two-year statute of limitations took effect for any suit against an insurance broker that involves the "sale, placement, procurement, renewal, cancellation of, or failure to procure any policy of insurance." 735 ILCS § 5/13-214.4. Stone's previous five-year limitations period had not yet expired as of that date, so the new statute governs the instant case, as long as Stone still had a reasonable time in which to file. See Guzman, 752 N.E.2d at 1076. We need not reach the question of what period would have been reasonable in this case, because Stone did not file its action until four years after the effective date of § 5/13-214.4, which is clearly outside

the maximum two-year period they could have been allowed. See Benton v. Vonnahmen, 679 N.E.2d 1270,1274-75 (Ill. App. 1997).

Stone insists that we should exclude the time during which its suit was pending against HSB, because they contend they could not bring any claims against Aon until they knew the eventual outcome of the HSB action. We disagree for two reasons. First, Broadnax makes it clear that Stone's claim against Aon does not depend on a prior judicial determination of noncoverage by any of its insurers. Second, the tolling agreements Stone executed with IRI and the All-Risk Insurers show that Stone was clearly aware of the potential statute of limitations ramifications of the time spent pursuing a suit against HSB. Although the question of reasonableness is typically unsuitable for resolution on summary judgment, a span of time as large as the one in this case is unreasonable as a matter of law. Benton, 679 N.E.2d at 1274. Accordingly, we conclude that Stone waited an unreasonable amount of time to file their claims against Aon, and those claims are time-barred.

Finally, we turn to the parties' motions to strike certain paragraphs contained within the submitted 56.1 statements of facts. All of the facts upon which we base our opinion were unequivocally undisputed by the parties; the statements sought to be stricken played no part in our decision. The motions to strike are therefore denied as moot.

## CONCLUSION

Based on the foregoing analysis, we grant summary judgment for Aon that Stone Container's third-party claims against Aon is time-barred. The motions to strike are denied as moot.

_Charles P. Kocoras_
Charles P. Kocoras
United States District Judge

Dated: ____April 2, 2002____