# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 8471 | **DATE** | 1/30/2003 |
| **CASE TITLE** | Commonwealth Ins Co. vs. Stone Container Corp | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** We deny both motions (Docs 424-1 & 426-1) for reconsideration.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | JAN 3 1 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 429 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | 01 JAN 31 PM 12: 10 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

COMMONWEALTH INSURANCE COMPANY, )
HARTFORD FIRE INSURANCE COMPANY, )
NAVIGATORS INSURANCE COMPANY, EMPLOYERS )
INSURANCE OF WAUSAU, and NEW YORK MARINE & )
GENERAL INSURANCE COMPANY, )
)
)
Plaintiffs, )
vs. ) 99 C 8471
)
STONE CONTAINER CORPORATION, )
)
Defendant. )
)
STONE CONTAINER CORPORATION, )
)
Counterclaimant, )
vs. )
)
COMMONWEALTH INSURANCE COMPANY, )
HARTFORD FIRE INSURANCE COMPANY, )
NAVIGATORS INSURANCE COMPANY, EMPLOYERS )
INSURANCE OF WAUSAU, NEW YORK MARINE & )
GENERAL INSURANCE COMPANY, INDUSTRIAL RISK )
INSURERS, ROLLINS HUDIG HALL OF ILLINOIS, INC., )
AON RISK SERVICES INC. OF ILLINOIS, and AON RISK )
SERVICES, INC., U.S.A., )
)
Counterdefendants. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on cross-motions to reconsider our decision

in *Commonwealth Ins. v. Stone Container Corp.*, 2002 WL 31833862 (N.D. Ill.

Dec. 16, 2002) (the "Order"). Defendant/Counterclaim-Plaintiff Stone Container Corporation ("Stone") asks us to reconsider that portion of the Order denying its summary judgment motion against Plaintiffs/Counterclaim-Defendants New York Marine and General Insurance Company ("NY Marine"), Employers Insurance of Wausau ("Wausau"), Navigators Insurance Company ("Navigators"), Hartford Fire Insurance Company ("Hartford Fire"), and Commonwealth Insurance Company ("Commonwealth"). NY Marine, Wausau, Navigators, and Hartford Fire (collectively the "Insurers") ask us to reconsider that portion of the Order denying their summary judgment motions against Stone. For the reasons set forth below, we deny both motions.

## BACKGROUND

The detailed facts of this case are set forth in the Order that the parties now ask us to reconsider. *See Commonwealth*, 2002 WL 31833862.

## LEGAL STANDARD

Rule 59(e) permits parties to file, within ten days of the entry of a judgment, a motion to alter or amend the judgment. Motions for reconsideration under Rule 59(e) are designed "to correct manifest errors of law or fact or to present newly discovered evidence." *Publishers Res. v. Walker-Davis Publ'ns,* 762 F.2d 557, 561 (7th Cir.1985). Such motions do not give a party the opportunity to rehash old arguments or to present new arguments "that could and should have been presented to the district

court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir.1995)). Rather, a Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" in order to be successful. *LB Credit Corp.*, 49 F.3d at 1267 (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986)). The decision of "whether to grant or deny a Rule 59(e) motion is entrusted to the sound judgment of the district court." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

## DISCUSSION

In our previous Order, we held that the Insurers' boiler and machinery exclusions were ambiguous. (Contrary to Stone's assertion, we never held Commonwealth's boiler and machinery exclusion ambiguous and, therefore, deny Stone's motion as to Commonwealth without further analysis). Stone argues that we should have granted summary judgement against the Insurers because ambiguous insurance exclusions should be interpreted against insurers. *See, e.g., Employers Ins. of Wausau v. Ehlco Liquidating Trust*, 708 N.E.2d 1122, 1130 (Ill. 1999) (construing ambiguous insurance policy in favor of coverage and against the insurer). The Insurers, on the other hand, argue that we should have granted summary judgment against Stone because ambiguous insurance exclusions should be interpreted against the drafter (Stone's agent allegedly provided the exclusionary language at issue). *See,*

*e.g., Stone Container Corp. v. Hartford Steam Boiler Inspection and Ins.*, 165 F.3d 1157, 1161-62 (7th Cir. 1999) ("It is also worth noting that the rule that ambiguities in insurance contracts are to be resolved against the insurer is an application of the broader rule of contract law (also called *contra proferentem*, though the rule has greater force in the insurance setting . . .) that ambiguities in a contract are to be resolved against the party that drafted the contract . . .").

In our previous ruling, we noted that there were substantial questions of fact as to the intent of the parties, and we, therefore, refrained from interpreting the exclusions. We will not apply the rule of *contra proferentem* on summary judgment when there are substantial questions of fact as to the intent of those exclusions that have yet to be presented to the trier of fact. *See LaSalle Nat'l Trust, N.A. v. ECM Motor Co.*, 76 F.3d 140, 144-45 (7th Cir. 1996) ("Where the terms of the contract are clear, the court must ascertain that intent solely from the language of the agreement. If, on the other hand, the court concludes that the contract is ambiguous, the resolution of the ambiguity becomes a question of fact, to be decided by the trier of fact.") (citations omitted); *Farm Credit Bank of St. Louis v. Whitlock*, 581 N.E.2d 664, 667 (Ill. 1991) ("Where a court determines that a contract is ambiguous, its construction is then a question of fact, and parol evidence is admissible to explain and ascertain what the parties intended."); *Quake Const. v. American Airlines*, 565 N.E.2d 990, 994 (Ill. 1990) ("If the language of an alleged contract is ambiguous regarding the parties' intent, the

interpretation of the language is a question of fact which a circuit court cannot properly determine on a motion to dismiss.").

Explaining it another way, Stone's summary judgment motions were denied because the Insurers asserted facts that if true (which we must assume for purposes of Stone's motions) demanded an interpretation of the exclusions that would deny coverage. The Insurers' summary judgment motions were also denied because Stone asserted facts that if true (which we must assume for purposes of the Insurers' motions) demanded an interpretation of the exclusions that would provide coverage. Thus, explaining it in yet another way, Stone and the Insurers assert conflicting material facts that preclude summary judgment.

## CONCLUSION

Based on the foregoing analysis, we deny both motions for reconsideration.

_____
Charles P. Kocoras
Chief Judge
United States District Court

Dated: JAN 3 0 2003